Argued and submitted November 13, 1987, reversed and remanded with instructions
March 9, 1988

In the Matter of the Compensation of
Abraham W. Ring, Claimant.
RING,
*Petitioner,*
*v.*
PAPER DISTRIBUTION SERVICES, INC.,
*Respondent.*
(85-03639; CA A41872)
750 P2d 1205

Dennis O'Malley, Portland, argued the cause and filed the brief for petitioner.

Patric J. Doherty, Portland, argued the cause for respondent. With him on the brief were Karli L. Olson and Rankin, VavRosky, Doherty, MacColl & Mersereau, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant filed a back injury claim. Employer denied the claim on the grounds that it was not timely filed or, in the alternative, that the injury was not related to claimant's employment. In the months following the denial, claimant either did not receive notice of or refused to cooperate with employer's attempts to have him submit to an independent medical examination. The referee apparently found that claimant had failed to cooperate and, without reaching the merits of the denial, dismissed the proceeding. The Board affirmed.

ORS 656.325(1) provides:

> "Any worker entitled to receive compensation under ORS 656.001 to ORS 656.794 is required, if requested by the director, the insurer or self insured employer, to submit to a medical examination at a time and from time to time at a place reasonably convenient for the worker and as may be provided by the rules of the director. * * * If the worker refuses to submit to any such examination, or obstructs the same, the rights of the worker to compensation shall be suspended with the consent of the director until the examination has taken place, and no compensation shall be payable during or for account of such period."

The procedure for obtaining approval for the sanction provided by ORS 656.325(1) is set out in OAR 436-60-090, which provides, *inter alia,* for notice to the claimant and an opportunity to respond and to request a hearing.

This claim was in denied status when claimant allegedly refused to cooperate. Employer was therefore not paying compensation and, thus, the sanctions permitted by ORS 656.325(1) would not have been of direct benefit to employer. Although we agree that a claimant should not be allowed to reap the benefits of the workers' compensation system without the modest level of cooperation that the statute requires, there is no authority for the dismissal of a proceeding in these circumstances. It may be that claimant's refusal to cooperate caused an unjustified delay in prosecution which would warrant dismissal of the claim pursuant to OAR 438-06-085. That is for the referee to determine in the first instance.

Reversed and remanded with instructions to reinstate the proceeding.